55 F.3d 684
 312 U.S.App.D.C. 119
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
HAGAR MANAGEMENT CORPORATION, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 94-1351.
 United States Court of Appeals, District of Columbia Circuit.
 April 21, 1995.
 
 Before: EDWARDS, Chief Judge, BUCKLEY and GINSBURG, Circuit Judges
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on petition for review of an order of the National Labor Relations Board ("NLRB" or "Board"), and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C. Cir. Rule 36(b). Essentially for the reasons stated by the NLRB, we deny the petition for review. As to whether Mitchell's alleged fraud should have been considered in connection with the Administrative Law Judge's recommended reinstatement remedy, the Board made clear that whether Hagar Management Corporation ("Hagar") had to reinstate Mitchell remained an open question and that it would consider the impact of the alleged fraud on the remedy at the compliance stage of these proceedings. See Hagar Management Corp., 313 N.L.R.B. 438 n.1 (1993) ("The impact of the alleged fraud on the remedy is a matter best left to the compliance stage of these proceedings."); Brief for NLRB at 27 ("[T]he Board cannot seek to compel [Hagar] to reinstate Mitchell immediately, on pain of a contempt action if it refuses" because "[t]he Board's decision ... acknowledges that its reinstatement order is provisional, pending resolution of [Hagar's] defense at the compliance stage.").
 
 
 2
 ORDERED and ADJUDGED that the petition for review is denied and that cross-application for enforcement is granted.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C. Cir. Rule 41.